## CLAUD STENNETT v. STATE.

No. A-6279. Opinion Filed Jan. 28, 1928.
(263 Pac. 470.)

R. C. Roland, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter called the defendant, was convicted in the county court of Carter county on the charge of "having in his possession certain spirituous liquor, to wit, 21 half pints of corn whisky, with the unlawful intent then and there on the part of him the said Claud Stennett of selling, bartering, giving away, and otherwise furnishing the same to others," and was sentenced to imprisonment in the county jail of Carter county for a period of 30 days, and to pay a fine of $100. From the judgment and sentence the defendant appeals.

The testimony on behalf of the state is: That Dwight Bell lived at Wilson. That he was deputy sheriff on the 3d day of June, 1925. That he was acquainted with Claud Stennett at this time. That he saw the defendant on said date, after dark. That the defendant was running a little cafe in the town of Clemscott. That he went to the defendant's place of business about 8 or 9 o'clock. That he went into the place of business, and asked where Claud was, and a lady replied that she did not know. That he heard a noise at the back end of the building, so he went on through

the building, and in the rear of the building he met two men coming toward the building, and another "kinder meeting him from the other corner. That he throwed his flash-light on one of the men and it was Mr. Stennett, and Mr. Stennett had a sack of whisky in his hand." He asked him what he had, and took one of the bottles —one half pint wrapped in paper from the tow sack— and held it up. That Jess Bell went with him to Clemscott. There were 21 bottles of corn whisky.

Jess Bell also testified, in substance, that he was at Clemscott with Dwight Bell, and that Dwight was at the back of the place of business of defendant, and flashed his light upon them, and got a sack of whisky; that he did not see the defendant with the sack in his hands, but, when his attention was called to it by Dwight Bell, the sack was in about 3 feet of the place where defendant was.

The defendant in his own behalf stated that, prior to Dwight Bell coming to his place of business, he had gone out the back way. As he went out, he was called by some one, and he learned it was Jess Bell. "I was going away from him when he called, 20 or 30 feet, I guess." Defendant further stated that he did not carry any whisky out of his place when he went out, and that first time that he saw the whisky was when Dwight Bell kicked it with his foot. He also gave some testimony as to a man by the name of Shorty Crawford running a restaurant and cold drink stand adjoining his place of business; that the two buildings were close together; denied any knowledge of the ownership of the whisky.

Defendant argues that the evidence is not sufficient to sustain the judgment. The evidence on behalf of the state is positive that the defendant had in his possession the whisky at the time the state's witness came

upon him, and the quantity of whisky that he had in his possession is prima facie evidence of his intent to sell, barter, or give away the same.

The testimony on behalf of the defendant tends to show that some one else must have left the whisky in the rear of his place of business. It is not reasonable that any other person would have come upon the premises of the defendant or immediately adjacent thereto, and within a very few feet of his place of business and left the whisky in a sack, where it might be seen by any one passing around there. The defendant's presence in the rear of the building and in the immediate vicinity, if not in actual possession of the whisky, indicates that he was there for the purpose of secreting or concealing the whisky to prevent the officers from getting the same.

The record examined, and testimony held sufficient to sustain the verdict and judgment. Upon the record before us we are convinced that no error prejudicial to the substantial rights of the defendant was committed.

The judgment is accordingly affirmed.

DOYLE, P. J., and EDWARDS, J., concur.